# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Melie Ikechukwu Ilogu, | Case No. 18-cv-1657 (JNE/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Secretary of Homeland Security; Jefferson Sessions, Attorney General; Scott Baniecke, ICE Field Office Director; and Kurt Freitag, Freeborn County Sheriff, | |
| Respondents. | |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Petitioner Melie Ikechukwu Ilogu's Motion for Temporary Restraining Order [Doc. No. 11].[1] For the reasons set forth below, the Court recommends that the motion be denied.

**I.     Background**

Petitioner commenced this action on June 14, 2018, by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He is being detained during removal proceedings pursuant to 8 U.S.C. § 1226(c). Petitioner is a citizen of Nigeria who has

---

[1] The Court will address Petitioner's Motion for Preliminary Injunction [Doc. No. 17] and Motion to Expedite Order to Show Cause [Doc. No. 18]—both of which were received by the Clerk's Office on August 6, 2018, and docketed on August 8, 2018—in a subsequent report and recommendation in the interest of time. The Court will also address the habeas petition in a subsequent report and recommendation. Briefing on the petition is still ongoing; Petitioner's brief is due August 18, 2018. Thus, the Court's consideration of the actual petition at this time would be premature.

been charged as removable under 8 U.S.C. § 1227(a).  (Ligon Decl. ¶ 7 & Exs. 1, 3 [Doc. No. 5].)  He has been in immigration detention since December 13, 2017.  (Ligon Decl. ¶ 7 & Ex. 1.)  On March 26, 2018, his request for bond was denied, and his appeal of that decision is currently pending.  (Ligon Decl. ¶¶ 9, 10.)  Petitioner refused to appear for a May 17, 2018, hearing before an immigration judge.  (Ligon Decl. ¶ 11.)  During a June 7, 2018, hearing before an immigration judge, Petitioner asked for a psychiatric evaluation and hearing pursuant to *In re M-A-M*, 25 I. & N. Dec. 474, 2011 WL 1733182, at *1 (B.I.A. 2011).  (Ligon Decl. ¶ 12.)  The immigration judge subsequently sustained the charge of removability based on Petitioner's aggravated felony conviction.  (Ligon Decl. ¶ 12.)  Petitioner's next immigration hearing is scheduled for August 10, 2018.  (Ligon Decl. ¶ 14.)  The immigration judge has indicated he or she will simultaneously conduct a competency hearing.  (Ligon Decl. ¶ 14.)

Petitioner filed a motion for a temporary restraining order ("TRO") on July 30, 2018.  He asks the Court to enjoin Respondents "from violating his Fifth Amendment right to due process and pausing immigration proceedings in order for this court to adjudicate key constitutional questions of law."  (TRO Mot. at 1 [Doc. No. 11].)  He fears irreparable harm will occur if the August 10, 2018, immigration hearing goes forward, and he asks the Court to enjoin Respondents from holding the hearing.  (*Id.* at 1, 3.)  Respondents oppose the motion.  [Doc. No. 14.]

**II.     Discussion**

Title 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and

exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . ."  8 U.S.C. § 1252(a)(5).  Although an order of removal has not been entered in Petitioner's immigration case—because that proceeding is ongoing—some federal district courts have found that § 1252(a)(5) also operates to divest federal district courts of subject matter jurisdiction over requests to stay or enjoin ongoing immigration removal proceedings.  *See Lakhani v. U.S. Citizenship & Immig. Servs.*, 817 F. Supp. 2d 390, 392 (D. Vt. 2011) ("The jurisdictional limits of Section 1252(a)(5) also prohibit district courts from considering motions to stay removal proceedings."); *Lage v. Chapdelaine*, No. 3:10-cv-1030 JCH, 2010 WL 4688820, at *4 (D. Conn. Nov. 10, 2010) (finding, pursuant to § 1252(a)(5), that it "lack[ed] authority to issue a stay of removal proceedings that have not yet resulted in an order of removal").

In addition, § 1252(b)(9) mandates the "[c]onsolidation of questions for judicial review," providing that:

> Judicial review *of all questions of law and fact*, including interpretation and application of constitutional and statutory provisions, *arising from any action taken or proceeding brought* to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

8 U.S.C. § 1252(b)(9) (emphasis added).  This subsection makes clear that a petitioner cannot raise a challenge to an administrative action or proceeding in a judicial forum, such as filing a motion to enjoin a hearing, before a final removal order is issued.  Rather, a petitioner must consolidate his challenges to removal-related actions or proceedings in an action for judicial review of the final removal order.

This Court finds, accordingly, that it lacks jurisdiction to stay the August 10 hearing in Petitioner's immigration case and recommends that Petitioner's motion for a TRO be denied for lack of jurisdiction. Where a court lacks jurisdiction over a party's challenge to immigration proceedings, it need not reach the *Dataphase* factors typically used in considering a motion for a TRO. *Buezo v. Banieke*, No. 08-cv-206 (DWF/RLE), 2008 WL 312808, at *2 (D. Minn. Feb. 1, 2008); *Ndreko v. Ridge*, 351 F. Supp. 2d 904, 909 (D. Minn. 2004). Consequently, the Court does not do so here.

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Melie Ikechukwu Ilogu's Motion for Temporary Restraining Order [Doc. No. 11] be **DENIED**.

Dated: August 9, 2018                    s/ *Hildy Bowbeer*
                                         HILDY BOWBEER
                                         United States Magistrate Judge

### NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under D. Minn. LR 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).