UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Melie I.,

        Petitioner,

v.

Kevin McAleenan, Secretary of Homeland Security; William Barr, Attorney General; Ronald Vitiello, Acting Director of Immigration and Customs Enforcement; Peter Berg, St. Paul Immigration and Customs Enforcement Field Office Director; and Kurt Freitag, Freeborn County Sheriff,

        Respondents.[1]

File No. 18-cv-1657 (ECT/HB)

**ORDER ON REPORT AND RECOMMENDATION**

---

Petitioner Melie I., a native and citizen of Nigeria who has been held in detention since December 13, 2017, pending the outcome of his removal proceedings, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Am. Pet. ¶¶ 15, 30 [ECF No. 35]; *see generally id.* On January 7, 2019, United States Magistrate Judge Hildy Bowbeer issued a Report and Recommendation that recommended granting in part and denying in part Melie I.'s Amended Petition for Writ of Habeas Corpus [ECF No. 35], and also recommended denying Melie I.'s Motion for Emergency Preliminary Injunction [ECF No. 17] and his Motion to Expedite Order to Show Cause [ECF No. 18]. ECF No. 40 at 18–19 ("R&R").

---

[1]     Acting Secretary of Homeland Security Kevin McAleenan is substituted for former Secretary of Homeland Security Kirstjen Nielsen and St. Paul Immigration and Customs Enforcement Field Office Director Leslie Tritten is substituted for her predecessor Peter Berg because a "[public] officer's successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name." Fed. R. Civ. P. 25(d).

No Party objected to the Report and Recommendation insofar as it recommended denying Melie I.'s motions, and the Court therefore reviews those aspects of the Report and Recommendation for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Finding no clear error, the Report and Recommendation will be accepted with respect to its treatment of Melie I.'s motions for an emergency preliminary injunction and to expedite an order to show cause, and those motions will be denied for the reasons explained by Magistrate Judge Bowbeer.

Respondents have filed objections to the Report and Recommendation in one respect, though. *See generally* Obj. [ECF No. 41]. They object to its conclusion that Melie I.'s continued detention violates his due-process rights; the Report and Recommendation concluded that the immigration judge who conducted his bond hearing pursuant to 8 U.S.C. § 1226(a) erred in placing the burden on him to prove he was not a danger to the community, rather than requiring the Government to make that showing by clear and convincing evidence. *See* Obj. at 1, 4–5; R&R at 15. This objection requires the Court to review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Local Rule 72.2(b)(3).

Here, de novo review reveals that the Report and Recommendation, and Respondents' objections to it, implicate constitutional questions that may now be irrelevant to Melie I.'s habeas petition due to a change in his circumstances. Specifically, the Report and Recommendation focuses on due-process issues raised by the immigration judge's analysis under § 1226(a), which concerns discretionary detention. *See* R&R at 8–15. But

shortly after the time for filing objections to the Report and Recommendation expired, Melie I.'s state-court conviction for a sex offense appears to have become final for immigration purposes, and as a result he may now arguably be subject to mandatory detention under § 1226(c). Because of the timing of these events, the immigration judge has not yet had the opportunity to address the effect of these changed circumstances on the basis for Melie I.'s detention, nor have the Parties had the opportunity to develop their arguments on that subject or to present those arguments to the magistrate judge for consideration. "[A] 'longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.'" *Camreta v. Greene*, 563 U.S. 692, 705 (2011) (quoting *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988)). Prudential concerns therefore impel the Court to reject the Report and Recommendation in light of Melie I.'s changed circumstances and remand this matter to the immigration judge for a determination of whether Melie I. is now subject to mandatory detention.

Most of the relevant events are described more fully in the Report and Recommendation and are summarized only briefly here. *See* R&R at 1–4. On April 11, 2018, following Melie I.'s first bond hearing, the immigration judge determined that he was subject to mandatory detention under § 1226(c) because, among other reasons,[2] he had

---

[2] As the Report and Recommendation describes, a second basis for the immigration judge's determination that Melie I. was subject to mandatory detention—that he had been convicted of a crime of violence, *see* Am. Pet. Ex. C at 5–7—can no longer provide a basis for subjecting him to mandatory detention following the U.S. Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and is not at issue here. *See* R&R at 4–5.

3

been convicted of the aggravated felony of rape when he pleaded guilty in Minnesota district court to third-degree criminal sexual conduct with a victim who was mentally impaired or helpless. *See* Am. Pet. Ex. C at 1–2, 4–5 [ECF No. 35-2 at 20–28]; 8 U.S.C. § 1227(a)(2)(A)(iii) (providing that an alien convicted of an aggravated felony following his admission is deportable); 8 U.S.C. § 1101(a)(43)(A) (defining "aggravated felony" to include "murder, rape, or sexual abuse of a minor"). The immigration judge found that even if Melie I. was not subject to mandatory detention, his detention nevertheless was appropriate as a discretionary matter under § 1226(a) because he presented a danger to the community. Am. Pet. Ex. C at 8 n.4 (citing § 236(a) of the Immigration and Nationality Act, codified at § 1226(a), and 8 C.F.R. § 1236.1(c)(3)).

Several months later, on August 29, 2018, the Board of Immigration Appeals ("BIA") issued *Matter of Acosta*, which determined that "a conviction does not attain a sufficient degree of finality for immigration purposes until the right to direct appellate review on the merits of the conviction has been exhausted or waived." 27 I. & N. Dec. 420, 432 (BIA 2018) (footnote omitted). At the time *Matter of Acosta* was issued, Melie I.'s conviction was pending on direct appeal to the Minnesota Court of Appeals, and thus was not sufficiently final under *Matter of Acosta* to support a mandatory-detention determination. *See State v. Ilogu*, No. A17-1602, 2018 WL 4394965 (Minn. Ct. App. Sept. 17, 2018).

Promptly after *Matter of Acosta* was issued, Melie I. filed a motion for a hearing and redetermination of custody. Second Ligon Decl. ¶ 10 [ECF No. 37]. The immigration judge granted Melie I. a second bond hearing, but on October 11, 2018, she denied his

request for a change in custody status, finding pursuant to § 1226(a) that he was dangerous. *Id.* ¶¶ 11–12; Am. Pet. Ex. I [ECF No. 35-2 at 54]. It is that second determination, made pursuant to § 1226(a) exclusively, that is at issue in the Report and Recommendation currently before the Court.

At the time Magistrate Judge Bowbeer issued the Report and Recommendation, and throughout the period during which the Parties could file objections to that Report and Recommendation and responses to such objections, Melie I.'s state-court conviction remained not yet final under *Matter of Acosta*. After the Minnesota Court of Appeals affirmed his conviction on September 17, 2018, Melie I. filed a petition for review by the Minnesota Supreme Court, which was summarily denied on November 27, 2018. *State v. Ilogu*, No. A17-1602, 2018 WL 4394965 (Minn. Ct. App. Sept. 17, 2018), *review denied* (Minn. Nov. 27, 2018). Rule 13 of the Rules of the Supreme Court of the United States gives a prospective petitioner ninety days from the date on which a state court of last resort denied discretionary review. "It is settled that 'the conclusion of direct review' includes the ninety days a state court defendant has to petition the Supreme Court of the United States for a writ of certiorari." *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001) (citation omitted). Accordingly, Melie I.'s state-court conviction became final on February 25, 2019, unless he filed a petition on or before that date.

On March 18, 2019, recognizing that "the finality of Petitioner's state-court proceeding ha[d] the potential to affect the statutory basis for the detention he challenges in this habeas action," the Court ordered the Parties to file a joint letter "informing the Court whether Petitioner timely filed with the United States Supreme Court a petition for

a writ of habeas corpus seeking review of his state-court conviction, and whether they now understand Petitioner's state-court conviction to have become final under *Matter of Acosta*." Order at 2 [ECF No. 43]. In response, the Government stated that its searches of the Supreme Court's docket system "returned no results" for Melie I.'s name. Joint Ltr. at 1 [ECF No. 44]. According to Melie I.'s counsel, however, Melie I. had informed his counsel by phone that he had filed a pro se petition for a writ of certiorari "on February 25 or 26, 2019," when he "deposit[ed] the petition in the jail's internal mail system," but counsel had not been able to independently confirm that fact. *Id.* Neither Party has provided the Court with any subsequent updates about the status of any such petition, and the Court's own review of the Supreme Court's docket indicates that, more three months after the ninety-day deadline expired, no petition has been filed by Melie I. or on his behalf. At this point, therefore, it seems clear that, notwithstanding Melie I.'s position to the contrary, *see* Joint Ltr. at 2, the state-court conviction is now final under *Matter of Acosta*.

The Parties dispute the effect of the finality of that conviction on the basis for Melie I.'s detention. In their objections, Respondents contend that such finality renders him subject to mandatory detention under § 1226(c). Obj. at 4 n.1. Melie I. disagrees; he points out that when the immigration judge determined after his first, pre-*Matter of Acosta* bond hearing that he was subject to mandatory detention because he had been convicted of the aggravated felony of rape, that determination relied heavily on the BIA's application of an arguably analogous Ohio statute of conviction in *Matter of Keeley*. *See* Resp. to Obj. at 2 n.2 [ECF No. 42]; Am. Pet. Ex. C at 4–5 (discussing *Matter of Keeley*, 27 I. & N. Dec. 146 (BIA 2017)). That BIA decision has since been reversed by the Sixth Circuit, which

held that a rape conviction under Ohio law does not constitute an aggravated felony for immigration purposes. *Keeley v. Whitaker*, 910 F.3d 878, 886 (6th Cir. 2018). Melie I. plainly intends to argue that his conviction under Minnesota law, like the one in *Keeley* that arose under Ohio law, is not covered by the mandatory-detention statute. The Court expresses no opinion one way or the other which side is correct; neither side has had a fair opportunity to develop the record or present argument on that question. Despite their disagreement over whether the mandatory-detention statute covers Melie I., both sides seem to want the Court to rule on the constitutional question of whether due process requires Melie I. or the Government to bear the burden of proof under § 1226(a). *See* Joint Ltr. at 1.

Given the nonfrivolous and potentially dispositive question of whether Melie I. is subject to mandatory detention—a question that is, at root, one of statutory construction—it would be premature to decide the constitutional question raised in the Report and Recommendation and in Respondents' objections. Even if the Court were to conclude that the Constitution does in fact require the Government, and not Melie I., to bear the burden under § 1226(a), the relief available to Melie I. is remand for another custody determination. It is a near certainty that in that new proceeding, the Government would argue for mandatory detention under § 1226(c) in addition to arguing that he should be detained under § 1226(a) on the grounds that he is dangerous. Depending on how the case develops from there, it is entirely possible that this Court will never have a need to adjudicate Melie I.'s habeas petition on constitutional grounds. Further proceedings may make clear that he is subject to mandatory detention under § 1226(c), in which case the

question of where the Constitution places the burden in a hearing proceeding under § 1226(a) would be irrelevant.

"It is a foundational principle in our legal system . . . that courts must make every effort to avoid deciding novel constitutional questions." *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1029 (8th Cir. 2014) (citing *Ashwander v. TVA*, 297 U.S. 288, 345–47 (1936) (Brandeis, J., concurring)). Rather than allowing the manner in which this case has developed to "force a decision on a constitutional question that might be unnecessary," the better approach is to remand the matter so the immigration judge may consider in the first instance whether Melie I. is subject to mandatory detention under § 1226(c) on the basis of his state-court conviction for criminal sexual conduct. *Xiong v. Lynch*, 836 F.3d 948, 949–50 (8th Cir. 2016) (remanding to BIA for determination of whether petitioner's state-court conviction for burglary rendered him ineligible for cancellation of removal under burglary-specific statutory provision rather than decide the question presented by the parties of whether the BIA's reliance on statute's "crime of violence" residual clause was unconstitutional for vagueness). This remand is made without prejudice to any arguments the Parties may choose to make regarding discretionary detention under § 1226(a) in that immigration proceeding or in a renewed habeas petition.

**ORDER**

For the foregoing reasons, and based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED** that:

1. Respondents' Objections to the Report and Recommendation [ECF No. 41] are **DENIED WITHOUT PREJUDICE**;

2. The Report and Recommendation [ECF No. 40] is **ACCEPTED IN PART** and **REJECTED IN PART** due to a change in Petitioner's circumstances;

3. Petitioner's Motion for Emergency Preliminary Injunction [ECF No. 17] is **DENIED**, in part for lack of jurisdiction and in part as moot;

4. Petitioner's Motion to Expedite Order to Show Cause [ECF No. 18] is **DENIED** as moot; and

5. This matter is **REMANDED** to the immigration judge for a custody hearing consistent with this order to be held within 30 days.

Dated: June 5, 2019

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court